UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEVON MYERS,

            *Plaintiff*,

– against –

RIKERS ISLAND, PAUL MAGEL,
CORRECTIONAL OFFICER WEBB,
CORRECTIONAL OFFICER BAILEY,
CORRECTIONAL OFFICER MENDEZ &
CORRECTIONAL OFFICER TILLARY

            *Defendant.*

**MEMORANDUM & ORDER**
24-cv-06694 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Devon Myers, who is currently detained at Rikers Island, filed this *pro se* civil rights action on September 16, 2024. Compl., ECF No. 1. The Court grants plaintiff's application, made at ECF No. 7, to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, Rikers Island, Paul Magel, and Correctional Officers Webb, Bailey, and Mendez are dismissed as defendants. The claims against the remaining defendant, Correctional Officer Tillary, may proceed.

### BACKGROUND

Plaintiff alleges that his civil rights were and are being violated during his detention at the George R. Vierno Center at Rikers Island. He describes an altercation between himself and two other detained individuals that occurred earlier this year which resulted in him being injured and facing disciplinary action. Compl. 3–4.[1] He states that

---

[1] As the Complaint includes an addendum with unnumbered pages, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

1

he also suffered a dislocated shoulder "from use of force from Tillary the officer." Compl. 4. In a separate letter addressed to the Court, plaintiff states that he is in pain and needs medical attention and protection. ECF No. 1-2. In a follow-up letter received on October 9, 2024, plaintiff states that he was "kidnapped" from his cell by Officer White. ECF No. 8 at 1. In the same letter, plaintiff also claims that he requested access to Muslim religious services and attaches a grievance form indicating that his request was being submitted to the Imam and security at the facility on his behalf. ECF No. 8 at 2.

Plaintiff states that he is "afraid for [his] life," and seeks "mental health and physical therapy quickly before [he] die[s]." Compl. 4–5. He requests that his bail be reduced and/or that the state court sentence him as soon as possible. Compl. 4–5. He states that he has not been convicted of a crime. Compl. 6.

## LEGAL STANDARD

*Pro se* litigants are individuals who are not attorneys and are representing themselves in court. Courts afford special consideration to pleadings filed by *pro se* litigants, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[2] In giving *pro se* litigants special consideration, the Court must look for the strongest arguments suggested by the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Under 28 U.S.C. § 1915A, a district court "shall review. . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint or any portion of the complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim for violation of constitutional rights may be brought in federal court pursuant to a federal statute, 42 U.S.C. § 1983. However, Section 1983 requires that a plaintiff show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 usually does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). A civil rights lawsuit under Section

3

1983 must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A municipality can be liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury."). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

## DISCUSSION

Plaintiff's civil rights claim pursuant to Section 1983 against Legal Aid attorney Paul Magel is dismissed. Plaintiff has not asserted any factual allegations against this individual or suggested that he is acting under color of state law. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-cv-05430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see also Polk County v. Dodson*, 454 U.S. 312, 318 (1981)

("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Court-appointed attorneys do not become state actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Accordingly, Defendant Paul Magel is dismissed from this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's civil rights claim against Rikers Island is also dismissed. Rikers Island and its constituent jails are part of the New York City Department of Correction, which is, in turn, an agency of the City of New York. *See Brewster v. Aimes*, No. 24-cv-00882, 2024 WL 1047981, at *1 (S.D.N.Y. Mar. 11, 2024). The New York City Charter provides that suits must be brought against the City of New York and not its individual agencies. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also McNeil v. City of New York, NYPD,* No. 13-cv-04579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that the Department of Correction and other "agencies of the City of New York . . . lack independent legal existence and are not suable entities"). Accordingly, defendant Rikers Island is dismissed from this action for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Next, plaintiff's complaint alleges that Correctional Officer Tillary used force against him and dislocated his shoulder. Compl. 4. Accordingly, the Court construes this claim as a Section 1983 claim of excessive force in violation of the Fourth Amendment. Whether Officer Tillary used excessive force in violation of the Fourth Amendment will depend on whether the officer's use of force was "'objectively reasonable' in light of the facts and circumstances confronting" him or her. *Graham v. Connor*, 490 U.S. 386, 397 (1989) (quoting *Scott v. United States*, 436 U.S. 128, 137–39 (1978)). Plaintiff's claim against this defendant may proceed.

However, plaintiff's claims against the remaining correctional officer defendants Webb, Bailey, and Mendez are dismissed without prejudice. In his complaint, plaintiff lists these officers as defendants but does not include any factual allegations against them. He asserts general claims about the conditions at Rikers Island and his lack of access to medical attention, protection, and religious services. However, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon*, 720 F.3d at 138. To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also, e.g., Quintin v. County of Nassau*, No. 18-cv-05852, 2022 WL 888950, at *3 (E.D.N.Y. Mar. 25, 2022) (dismissing claim against officer where there was no indication that the officer had any personal involvement in the purported constitutional deprivation).

6

Here, plaintiff does not indicate that any of the remaining correctional officer defendants are responsible for any alleged deprivations of his constitutional rights. Thus, his complaint against defendants Webb, Bailey, and Mendez are dismissed.

The Court grants plaintiff leave, if he chooses, to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. If he chooses to file an amended complaint, he should name who he alleges violated his constitutional rights, explain how each defendant was involved, describe the actions they took that violated his rights, and show how plaintiff was harmed. Further, should plaintiff wish to pursue his claims as against Rikers Island, an agency of the City of New York, he must also name the City of New York as a defendant, in accordance with the requirements of Section 396 of the New York City Charter.

The amended complaint should be captioned, "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 24-cv-06694 (NCM) (TAM). Plaintiff is reminded that an amended complaint completely replaces all prior pleadings and must therefore stand on its own without reference to the original complaint or other submissions. Therefore, if plaintiff wishes to retain Correctional Officer Tillary as a defendant in an Amended Complaint, he must also repeat the allegations against defendant Tillary, should he choose to file one. Any amended complaint must be filed by March 7, 2025.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Because Plaintiff has failed to state a claim against Rikers Island, Paul Magel, and Correctional Officers Webb, Bailey, and Mendez, these defendants are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The action may proceed against defendant Tillary. The Clerk of Court shall prepare a summons for Defendant Tillary, and the United States Marshals Service is directed to serve the summons and the complaint upon that defendant without the prepayment of fees.

The Court refers this matter to Magistrate Judge Taryn A. Merkl for pretrial supervision.

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

                                                             */s/ Natasha C. Merle*
                                                            NATASHA C. MERLE
                                                            United States District Judge

Dated:       February 5, 2025
                Brooklyn, New York